UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEANDRE D. NEALEY,**

    **Plaintiff,**

    v.                                 **Civil Action 2:24-cv-4037**
                                          **Chief Judge Sarah D. Morrison**
                                          **Magistrate Judge Chelsey M. Vascura**

**THE BARCUS COMPANY, INC.,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Deandre D. Nealey, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to assert any claim over which this Court has subject-matter jurisdiction. The undersigned further **RECOMMENDS** that the Court **DENY** Plaintiff's Motions for Writ of Possession (ECF Nos. 2, 4).

## I.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. Here, though, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.     ANALYSIS

Plaintiff sues several Franklin County Municipal Court Judges, the property management company that sought and obtained Plaintiff's eviction from his residence, and the property management company's attorney. Plaintiff's factual allegations are threadbare and are made indiscriminately against all "Defendants" without attributing any particular conduct to any particular Defendant. But it is apparent that Plaintiff's chief complaint is that he was improperly forced to vacate his residence pursuant to an order of the Municipal Court for Franklin County, Ohio. The Complaint purports to advance claims under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242, and 1341.

Plaintiff's allegations fail to provide a basis for a claim over which this Court has subject-matter jurisdiction. Plaintiff's § 1983 claim is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals*

*v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548 (cleaned up).

Here, Plaintiff's § 1983 claim (complaining of Defendants' unlawful entry and detainer and forcible ejection of Plaintiff from his residence) hinges on the invalidity of the Franklin County Municipal Court's order for Plaintiff to vacate his residence. (*See* Franklin County Municipal Court, Case No. 2024 CVG 036901, Sept. 3, 2024 Order.)[1] Because Plaintiff's § 1983 claim is essentially an appeal of the Municipal Court's order, this Court lacks jurisdiction over this claim under the *Rooker-Feldman* doctrine. For the same reasons, the Court lacks subject-matter jurisdiction to decide Plaintiff's Motions for Writ of Possession (ECF Nos. 2, 4) and those Motions should therefore be denied.

---

[1] This Court takes judicial notice of the relevant state-court records in accordance with Federal Rule of Evidence 201. *See* Fed. R. Civ. P. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (noting that courts may take judicial notice of state-court records) (citation omitted).

The Court also lacks subject-matter jurisdiction over Plaintiff's remaining claims under 18 U.S.C. §§ 241, 242, and 1341. These are criminal statutes under which Plaintiff lacks standing to advance a private right of action. *See Booth v. Henson*, 290 F. App'x 919, 920–21 (6th Cir. 2008) (no private right of action under 18 U.S.C. §§ 241 or 242); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (no private right of action under 18 U.S.C. § 1341). Because Plaintiff lacks standing to advance claims under criminal statutes, Plaintiff's claims under those statutes must be dismissed for lack of subject-matter jurisdiction. *See Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007).

### III. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. The undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to assert any claim over which this Court has subject-matter jurisdiction. The undersigned further **RECOMMENDS** that the Court **DENY** Plaintiff's Motions for Writ of Possession (ECF Nos. 2, 4).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

>*/s/ Chelsey M. Vascura*
>CHELSEY M. VASCURA
>UNITED STATES MAGISTRATE JUDGE